IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEVI WOODERTS, JR. | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 3-11-CV-0307-D |
| | § | |
| REBECCA TAMEZ, Warden, | § | |
| FCI-Fort Worth | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Levi Wooderts, Jr., a federal prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons stated herein, the application should be dismissed as an abuse of the writ, and petitioner should be warned that sanctions will be imposed if he files another writ seeking credit on his federal sentence for time spent in state custody.

I.

In 1997, petitioner was convicted on multiple counts of conspiracy, altering motor vehicle parts, and trafficking in motor vehicle parts in violation of 18 U.S.C. §§ 371, 511, & 2321. Punishment was assessed at 240 months confinement, followed by supervised release for a period of three years. The district court also ordered petitioner to make restitution in the amount of $386,589.03. His conviction and sentence were affirmed on direct appeal. *United States v. Wooderts*, 189 F.3d 468 (Table), 1999 WL 548418 (5th Cir. Jul. 6, 1999), *cert. denied*, 120 S.Ct. 561 (1999). Petitioner also filed a motion for post-conviction relief under 28 U.S.C. § 2255. The motion was denied. *See Wooderts v. United States*, No. 3-00-CV-0247-D, 2001 WL 897419 (N.D. Tex. Jul.

27, 2001), *rec. adopted*, (N.D. Tex. Aug. 13, 2001). On March 8, 2005, the Fifth Circuit denied petitioner authorization to file a successive 2255 motion. *In re Wooderts*, No. 05-10128 (5th Cir. Mar. 8, 2005).

While incarcerated, petitioner has filed at least three different motions seeking credit on his federal sentence for time spent in state custody. The first motion, titled a "Request for Backtime," was construed as a section 2241 habeas petition and denied on the merits. *Wooderts v. Warden, FCI Seagoville*, No. 3-05-CV-0188-D, 2005 WL 1249375 (N.D. Tex. May 24, 2005), *rec. adopted*, 2005 WL 1500822 (N.D. Tex. Jun. 22, 2005), *aff'd*, 204 Fed.Appx. 390, 2006 WL 3102586 (5th Cir. Oct. 30, 2006). Petitioner filed a "Writ Quo Warranto," which was construed as a second or successive section 2241 habeas petition. The petition was dismissed as an abuse of the writ or, alternatively, on the merits. *Wooderts v. Warden, FCI Seagoville*, No. 3-07-CV-0335-D, 2008 WL 245286 (N.D. Tex. Jan. 29, 2008). A third section 2241 motion, filed with the assistance of counsel, was dismissed as an abuse of the writ. *Wooderts v. Tamez*, No. 3-09-CV-0479-D, 2009 WL 1437830 (N.D. Tex. May 22, 2009), *appeal dism'd*, No. 09-10583 (5th Cir. Jan. 18, 2010). A Rule 60(b) motion seeking relief from that judgment was denied. *Wooderts v. Tamez*, No. 3-09-CV-0479-D (N.D. Tex. Aug. 18, 2010), *mot. for recon. denied*, (N.D. Tex. Sept. 22, 2010), *appeal filed*, No. 10-11036 (5th Cir. Oct. 1, 2010).[1] Undeterred, petitioner has filed yet another section 2241 motion seeking credit on his federal sentence for time spent in state custody.

---

[1] Petitioner also has filed three other section 2241 habeas petitions not directly challenging the denial of sentence credits for time spent in state custody. One habeas petition was denied on the merits. *Wooderts v. Joslin*, No. 3-04-CV-2253-D, 2006 WL 1628046 (N.D. Tex. Jun. 9, 2006). Two other habeas petitions were construed as section 2255 motions and dismissed as successive. *Wooderts v. Warden, FCI Seagoville*, No. 3-05-CV-0842-D, 2006 WL 1628060 (N.D. Tex. Jun. 9, 2006), *appeal dism'd as frivolous*, 257 Fed.Appx. 771, 2007 WL 4305177 (5th Cir. Dec. 10, 2007), *cert. denied*, 128 S.Ct. 1684 (2008); *Wooderts v. United States*, No. 3-08-CV-1298-D, 2008 WL 4442582 (N.D. Tex. Sept. 30, 2008), *aff'd*, 338 Fed.Appx. 387, 2009 WL 2134910 (5th Cir. Jul. 17, 2009).

II.

In three grounds for relief, petitioner once again seeks credit on his federal sentence for time spent in state custody from October 1, 1996 through April 25, 1997. According to petitioner, he is entitled to "reconsideration of a nunc pro tunc designation" of his sentence by the Bureau of Prisons based on his right to due process and the prohibitions against double jeopardy and cruel and unusual punishment. Petitioner takes issue with the prior decisions of this court rejecting his claims, which he alleges were predicated upon "incorrect dates, findings, and false statements[,]" and he asks the court revisit the arguments made in his earlier section 2241 motions.

A.

The federal habeas statute, 28 U.S.C. § 2244(a), provides:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2244(a); *see also Davidson v. United States Dept. of Justice*, 239 F.3d 366 (Table), 2000 WL 1741633 at *1 (5th Cir. Nov. 15, 2000) (district court has discretion to dismiss a successive section 2241 habeas petition as an abuse of the writ). Under the abuse-of-the-writ doctrine, "a second or successive petition in which new grounds for relief are alleged may be dismissed if the petitioner's 'reasonable and diligent investigation' would have resulted in his presenting these grounds in a previous habeas petition." *Barnard v. Collins*, 13 F.3d 871, 875 (5th Cir.), *cert. denied*, 114 S.Ct. 946 (1994), *quoting McCleskey v. Zant*, 499 U.S. 467, 498, 111 S.Ct. 1454, 1472, 113 L.Ed.2d 517 (1991). To avoid dismissal, the petitioner must show: (1) cause for failing to raise his new claims in his prior petition and prejudice from the asserted errors; or (2) that

a fundamental miscarriage of justice will result from the failure to hear the new claims. *See McCleskey*, 111 S.Ct. at 1470; *Davidson*, 2000 WL 1741633 at *1. "Cause" is defined as an "objective factor external to the defense" that impeded petitioner's efforts to raise the claim in a prior proceeding. *See McCleskey*, 111 S.Ct. at 1470, *quoting Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986). A "fundamental miscarriage of justice" occurs only if the petitioner is actually innocent of the crime of conviction. *See Montoya v. Collins*, 988 F.2d 11, 13 (5th Cir.), *cert. denied*, 113 S.Ct. 1630 (1993); *see also McCleskey*, 111 S.Ct. at 1470.

In dismissing his last federal writ, the court found that petitioner failed to establish "cause and prejudice," or that a "fundamental miscarriage of justice" would result by refusing to consider his claims. *See Wooderts*, 2009 WL 1437830 at *2. Like the other successive motions filed by petitioner seeking credit on his federal sentence for time spent in state custody, the court determines that the instant habeas petition should be dismissed as an abuse of the writ.

B.

Federal courts have inherent authority "to protect the efficient and orderly administration of justice and . . . to command respect for [its] orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Included in such power is the authority to levy sanctions in response to abusive litigation practices. *Id.* Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *See* FED. R. CIV. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993). Litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees--indeed, are not entitled to sue and appeal, period." *Brewer v. Cockrell*, No. 3-03-CV-0768-P, 2003 WL 21448362 at *2 (N.D. Tex. May 5, 2003), *rec. adopted*, 2003 WL 21488150 (N.D. Tex. May 15, 2003), *quoting Free v. United States*,

879 F.2d 1535, 1536 (7th Cir. 1989). Appropriate sanctions may include restrictions on the ability to file future lawsuits without leave of court and monetary sanctions. *See id.* (citing cases).

This is the *fourth* section 2241 motion filed by petitioner. One motion was denied on the merits. Three others, including the instant motion, were dismissed as an abuse of the writ. The time has come to end these frivolous filings. Accordingly, petitioner should be warned that sanctions will be imposed if he files another writ seeking credit on his federal sentence for time spent in state custody. In addition to monetary penalties, such sanctions may include an order barring petitioner from filing any civil actions in federal court without obtaining prior authorization from a district judge or magistrate judge. *See Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 189 (5th Cir. 2008).

## **RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be dismissed as an abuse of the writ. In addition, petitioner should be warned that sanctions will be imposed if he files another writ seeking credit on his federal sentence for time spent in state custody.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the

district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 24, 2011.

_____
JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE